Robert R. Parker, Jr.
OSB: 216437
838 SW First Avenue
Suite 400
Portland, Oregon 97204
971-386-5017
robertparker777@yahoo.com

**UNITED STATES DISTRICT COURT**
**For the**
**DISTRICT OF OREGON**

| | | |
|---|---|---|
| Askia M. Phillips, | ) | Civil Action No. |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| United Airlines, Inc., | ) | Jury Trial Demanded |
| Defendant. | ) ) | |

## I.    INTRODUCTION

Plaintiff, Askia M. Phillips, brings this action against Defendant, United Airlines, Inc., for violations of the Americans with Disabilities Act (ADA), Oregon state disability laws, the Air Carrier Access Act (ACAA), and other applicable laws. Plaintiff alleges that Defendant discriminated against him based on his disability, failed to provide reasonable accommodation, retaliated against him for asserting his rights, and subjected him to a hostile work environment. The Plaintiff timely filed his EEOC Complaint and received his Right to Sue Letter (See Exhibit "A" attached hereto and incorporated herein by reference).

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

2. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Portland, Oregon, and Plaintiff resides in this district.

## III. PARTIES

3. Plaintiff, Askia M. Phillips, is a resident of Portland, Oregon, and was employed by Defendant as a Premium Service Representative at Portland International Airport (PDX).

4. Defendant, United Airlines, Inc., is a Delaware corporation with its principal place of business in Chicago, Illinois, and conducts business in Oregon.

## IV. FACTUAL ALLEGATIONS

5. A. Timeline of Events and Legal Analysis

| Date | Event | Legal/Regulatory Significance | Defense and Counterarguments |
| --- | --- | --- | --- |
| Sept 15, 2021 | Plaintiff voluntarily self-identified as having a disability. | Established prior notice under ADA/Section 503, confirming Defendant's documented knowledge. | United may argue that prior notice does not obligate immediate accommodations. However, this argument fails as the ADA requires proactive engagement once notice is given. |
| June 24, 2022 | Defendant approved Plaintiff's accommodation request under RAP. | Demonstrated initial compliance; later reversal indicates bias and bad faith. | United may claim operational needs justified the reversal. However, the lack of new medical evidence undermines this defense. |

| Date | Event | Legal/Regulatory Significance | Defense and Counterarguments |
|---|---|---|---|
| Jan–Apr 2023 | Exit-row seating incidents and disciplinary actions began. | Violated 14 CFR §121.585; disciplining Plaintiff for seating issues constitutes regulatory failure. | United may argue Plaintiff's actions violated internal policies. However, FAA regulations place compliance responsibility on the carrier, not the employee. |
| July 10, 2023 | Plaintiff submitted a physician letter clarifying restrictions. | Triggered ADA interactive process requirement under 29 C.F.R. §1630.2(o)(3). | United may argue the letter was ambiguous. However, the letter explicitly clarified Plaintiff's ability to sit in exit-row seats. |
| Oct 5, 2023 | Defendant reversed RAP accommodations without new medical evidence. | Suggested retaliatory motive and failure to engage in the interactive process. | United may claim operational changes justified the reversal. However, the ADA requires accommodations unless undue hardship is proven. |
| Oct 6, 2023 | HR email stated, "United medical will not respond." | Documented refusal to engage in ADA-required interactive process. | United may argue the email was misinterpreted. However, the refusal to respond is a direct violation of ADA obligations. |
| Oct 11, 2023 | Defendant denied Plaintiff's grievance. | Demonstrated procedural bad faith and continued discrimination. | United may argue the grievance process was followed. However, the denial ignored medical evidence, violating ADA requirements. |
| Oct 17, 2023 | Plaintiff submitted amended medical clearance. | Defendant ignored updated clearance, violating ADA and FAA obligations. | United may argue the clearance was insufficient. However, the clearance explicitly addressed the seating issue. |
| Dec 6, 2023 | Plaintiff submitted a third medical letter. | Reaffirmed clearance; Defendant's nonresponse confirmed ongoing discrimination. | United may argue the letter was redundant. However, repeated nonresponse demonstrates bad faith. |

| Date | Event | Legal/Regulatory Significance | Defense and Counterarguments |
|------|-------|-------------------------------|------------------------------|
| 2024–Present | Defendant failed to reverse disciplinary actions. | Ongoing ADA violations and FAA compliance exposure. | United may argue the disciplinary actions were justified. However, the lack of corrective action violates ADA and FAA statutes. |

## B. Specific Violations by United Airlines

### Failure to Provide Reasonable Accommodations

6. The Defendant initially approved accommodations under the Reasonable Accommodation Program (RAP) on June 24, 2022, but reversed this decision on October 5, 2023, without new medical evidence.

7. This reversal violated the ADA's requirement to engage in an interactive process (29 C.F.R. §1630.2(o)(3)).

### Discrimination Based on Disability

8. Defendant disciplined Plaintiff for exit-row seating issues despite medical documentation clearing him for such seating.

9. This constitutes discrimination under the ADA and a violation of 14 CFR §121.585, which places compliance responsibility on the carrier, not the employee.

### Retaliation for Asserting Rights

10. Plaintiff faced adverse actions, including suspension, Termination Warning, and revocation of travel privileges, after asserting his rights under the ADA.

11. These actions violate 42 U.S.C. § 12203.

**Hostile Work Environment**

12. Defendant's ongoing adverse actions, refusal to correct errors, and excessive punishment created intolerable working conditions, violating workplace statutes.

**FAA Compliance Failures**

13. Defendant's actions exposed it to potential civil penalties under 49 U.S.C. §46301(a) for multiple documented violations of 14 CFR §121.585.

## V. CLAIMS FOR RELIEF

### Count I:
### Disability Discrimination under the ADA

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

14. Defendant discriminated against Plaintiff by denying reasonable accommodation and subjecting him to adverse actions based on his disability. In violation of all applicable provisions of the ADA (See Exhibit "B" attached hereto and incorporated herein by reference).

### Count II:
### Retaliation under the ADA

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

15. Defendant retaliated against Plaintiff for asserting his rights under the ADA (See Exhibit "C" attached hereto and incorporated herein by reference).

### Count III:
### Violation of Oregon State Disability Laws

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

16. Defendant's actions constitute disability discrimination and retaliation under ORS § 659A.112 et seq.

## Count IV:
## Violation of the Air Carrier Access Act (ACAA)

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

17. Defendant discriminated against Plaintiff by refusing to allow him to sit in an exit row seat despite medical clearance. In violation of FAA Regulations.

## Count V:
## Hostile Work Environment

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

18. Defendant subjected Plaintiff to a hostile work environment through ongoing adverse actions.

## Count VI:
## Intentional Infliction of Emotional Distress

Plaintiff repeats, realleges and incorporates herein all previously pled allegations above and further complains of Defendant as follows:

19. The Defendant's extreme and outrageous conduct caused Plaintiff emotional distress.

## VI.
## PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Compensatory damages for lost wages, benefits including but not limited to lifetime flight privileges, future earnings loss and emotional distress, limited only by the informed verdict of an enlightened jury.

2. Punitive damages for Defendant's malicious conduct, limited only by the informed verdict of informed jury.

3. Injunctive relief that requires Defendant to reinstate travel privileges, lift the Termination Warning, and provide accommodations.

4. Attorneys' fees and costs.

5. Pre-judgment and post-judgment interest.

6. Any other relief deemed just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 10th day of November 2025

Respectfully submitted,
**Law Office of Robert R. Parker, Jr., LLC**
By: **/s/ Robert R. Parker, Jr.**
Robert R. Parker, Jr.
OSB #216437
Attorney for Plaintiff

## VERIFICATION

I, Askia Phillips, do verify that every allegation set forth herein above is true to the best of my knowledge and belief.

Dated this 10th day of November 2025

Askia Phillips

Exhibit

"A"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/19/2025

**To:** Mr. Askia M. Phillips
3937 NE 9TH AVE
Portland, OR 97212

Charge No: 551-2024-01110

EEOC Representative and email:    Wanjiru Mwasi
Investigator
wanjiru.mwasi@eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2024-01110

On Behalf of the Commission

_____ for

Elizabeth M. Cannon
Director

Exhibit

"B"

Phillips v. United Airlines — Exhibit A: Narrative Statement of Facts

Case No. TBD

# Exhibit A — Narrative Statement of Facts

1. I, Askia M. Phillips, was employed by United Airlines at Portland International Airport as a Premium Service Representative.

2. In September 2021, I voluntarily self-identified as having a disability, providing medical documentation and notice under the Americans with Disabilities Act (ADA).

3. United approved my Reasonable Accommodation Program (RAP) request on June 24, 2022, confirming I could safely perform all duties with reasonable support.

4. After traveling on personal time for leisure using my company travel benefits, I was disciplined for sitting in an exit-row seat, despite my physician's written clearance allowing that seating. I was not commuting or traveling for work purposes. Months later, my General Manager retroactively cited this personal travel incident as grounds for discipline in retaliation for my filing of a union grievance regarding an unrelated workplace matter.

5. I submitted multiple medical letters—dated July 10, October 17, and December 6, 2023—each confirming my clearance and ability to sit in exit-row seats.

6. On October 5, 2023, United reversed my RAP accommodations without presenting new medical evidence, even though my medical documentation at that time showed fewer restrictions than during my original approved RAP accommodation. This reversal was made without any interactive discussion or justification.

7. On October 6, HR stated by email that "United Medical will not respond," refusing to continue the ADA interactive process.

8. My suspension occurred in April 2023 following the exit-row incident and remained in effect until August 2023, when I was issued a Termination Warning and my travel privileges were revoked. The suspension ended only when the Termination Warning and travel privilege revocation were imposed, effectively replacing one form of discipline with another that continues to this day.

9. The company ignored my updated documentation and denied my grievance on October 11, 2023, demonstrating procedural bad faith.

10. These events caused significant emotional distress, humiliation, and anxiety, depriving me of my livelihood and reputation.

11. I believe these actions were discriminatory and retaliatory, violating the ADA, Oregon ORS 659A, and the Air Carrier Access Act.

12. On February 14, 2024, I forwarded an internal email from the station training coordinator showing that United was seeking agents to work in the Agent on Demand (AOD) area — a job function previously approved under my original RAP accommodation. Despite my ongoing availability and the fact that I had fewer restrictions than before, I was not considered or offered placement in this position. I reported this to Corporate Security Investigator Reyna Kohlman, explaining that the company's refusal to assign me to that work reflected continued discrimination and retaliation.

Page 1

Exhibit

"C"

Phillips v. United Airlines - Exhibit B

Procedural Violations Summary - United's deviations from its own Performance Improvement Plan (PIP) and Termination Warning procedures, and failures in the ADA interactive process, summarized for attachment.

1  Skipped progressive discipline: Issued a Termination Warning immediately following a suspension without documented corrective coaching, timelines, or measurable goals as required by policy.

2  Inadequate individualized assessment: Reversed RAP accommodation on October 5, 2023 without tying the decision to essential job functions or new medical evidence.

3  Breakdown of interactive process: On October 6, 2023 HR stated "United Medical will not respond," halting dialogue required by the ADA and ORS 659A.

4  Grievance handling defect: Denied grievance on October 11, 2023 without proper review or contemporaneous rationale consistent with policy/CBA.

5  Retaliatory escalation: Increased discipline (Termination Warning; revocation of travel privileges) after protected accommodation requests and EEO activity.

6  Inconsistent application: Discipline and privilege revocation were disproportionate relative to similarly situated employees (comparator records to be sought in discovery).

7  Failure to consider AOD placement: After Plaintiff reported AOD availability on February 14, 2024, United failed to explore reassignment/placement as a reasonable accommodation.

Note: Originals (RAP records, HR emails, EEOC/BOLI correspondence, internal manuals) are preserved for discovery. This summary is provided to counsel and attached to the complaint as a one-page exhibit.